LEWIS R. KEENE, ET AL., *v.* LOUISVILLE SAW MILL COMPANY.

**Liability for Purchase Price of Goods.**

Where a number of citizens meet to arrange for a public entertainment and elect a president, but take no action looking to the purchase of lumber for use in preparing for the entertainment, but the president orders lumber which is charged to him, and upon his credit, he alone is liable for the price of such lumber.

**Partnership.**

When there is no partnership by agreement between the parties composing a so-called association, and where there has been no holding out to the public by means of which credit has been obtained, and when there is no agreement to share in profits and no benefit derived, no liability as partners can exist.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

March 20, 1879.

OPINION BY JUDGE HINES:

We are of the opinion the peremptory instruction asked by appellant should have been given. The extent to which the evidence went was that appellants, with many other citizens of Louisville, assembled together for the purpose of having a parade on Mardi Gras day, to be followed by a ball at night. Andrewatha was made president, appellant, Keene, was chairman of the finance committee, with the duty of soliciting and collecting subscriptions to aid in the display, while appellant, Bradley, was appointed and acted on the

committee on printing. After this temporary organization, under the name of the Mardi Gras Association, it was informally determined in a public meeting of those participating to have a ball the night following the parade. Tickets were to be sold and their proceeds applied to the payment of the expenses.

At one of these meetings there was some discussion as to what should be done with the surplus, after defraying expenses, of the moneys that might be received for tickets, but no determination was had. Andrewatha, the president, without any authority from appellants or from the association as a body, ordered of appellees a large quantity of lumber to be used in preparing the hall for the dance, although he states that it was not necessary, as the hall would have answered the purpose without incurring any expense for lumber. In ordering the lumber Andrewatha directed it to be charged to the association, stating that he would see it paid. There is no evidence that appellants knew of the intention to purchase the lumber, but after the lumber had been delivered at the hall, Keene ascertained the fact of its delivery and made some objection to the unnecessary outlay, when Andrewatha informed him that he, Andrewatha, was responsible.

There is nothing to show that appellee knew that appellants were connected with the association at the time of the purchase of the lumber, or that they looked to appellants for compensation; but upon the other hand the evidence showed that the credit was extended to Andrewatha, and not to the association or to any one of its members. The money received from the sale of tickets, as well as that received from the sale of the lumber, appears to have been distributed to pay the expenses of the undertaking, and nothing being left with which to pay the claim of appellee, suit was brought and recovery had against the appellants. Appellants do not appear to have had anything to do with selling the lumber, or with the distribution of the proceeds of the sale.

Appellee's right to recover must rest either upon authority given Andrewatha to bind them for the purchase, or they must have, in some way, held themselves out as partners and induced the credit to the association thereby. When there is no partnership, by agreement between the parties composing the so-called association, where there has been no holding out to the public by means of which credit has been obtained, and when there is no agreement to share

in profits and no benefit derived, no liability as partners can be said to exist.

But, waiving consideration of the evidence, it is clear that the following instruction is erroneous: "If the jury believe from the evidence that the defendants, Bradley and Keene, or either of them, united with others in forming an association with John Andrewatha as president for the purpose of a 'Mardi Gras' celebration, and aided or participated in the getting up and management of the same, the plaintiff is entitled to recover the debt claimed against both or either, according as the jury may, under the evidence, find that both or either so united in said association, and so acted or participated."

Under such an instruction the jury, having found that these parties took part in getting up the celebration, would be compelled to find appellants personally responsible for the purchase made by Andrewatha, although they might believe that the credit was extended to Andrewatha alone, and that appellants received no benefit whatever from it and never authorized and never ratified it, and that the lumber so furnished was neither necessary nor proper as a means to accomplish the end for which the association was formed.

We deem it unnecessary to notice further the points made by counsel or to review the authorities cited. It is sufficient to say, first, that the evidence does not justify the verdict, and, second, the court erred in giving the instruction quoted.

Wherefore the judgment is *reversed* and cause remanded with directions for further proceedings consistent with this opinion.

*C. H. Gibson, M. Mundy, for appellants.*

*Barrett & Brown, for appellee.*